1  Robert F. McCauley (State Bar No. 162056)
   Tina E. Hulse (State Bar No. 232936)
2  FINNEGAN, HENDERSON, FARABOW,
     GARRETT & DUNNER, L.L.P.
3  3300 Hillview Avenue
   Palo Alto, California  94304
4  Telephone:    (650) 849-6600
   Facsimile:    (650) 849-6666
5  robert.mccauley@finnegan.com
   tina.hulse@finnegan.com
6
   Roger Taylor (*Not Yet Admitted Pro Hac Vice*)
7  F. Leslie Bessenger III (*Not Yet Admitted Pro Hac Vice*)
   Joseph E. Palys (*Not Yet Admitted Pro Hac Vice*)
8  FINNEGAN, HENDERSON, FARABOW,
     GARRETT & DUNNER, L.L.P.
9  3500 SunTrust Plaza
   303 Peachtree Street, NE
10 Atlanta, GA 30308-3263
   Telephone:    (404) 653-6400
11 Facsimile:    (404) 653-6444
   roger.taylor@finnegan.com
12 les.bessenger@finnegan.com
   joe.palys@finnegan.com
13

14 Attorneys for Plaintiff
   COREL TW CORPORATION.
15

16
                        UNITED STATES DISTRICT COURT
17
                       NORTHERN DISTRICT OF CALIFORNIA
18

19
                                            CASE NO. CV-08-2146 CW
20 COREL TW CORPORATION,.

21              Plaintiff,                  CERTIFICATE OF SERVICE

22       v.                                 CASE MANAGEMENT SCHEDULING
                                            ORDER FOR REASSIGNED CIVIL
23 CYBERLINK CORPORATION and                CASE
   CYBERLINK.COM CORPORATION,
24
                Defendants.
25

26

27

28

**CERTIFICATE OF SERVICE**

I am more than eighteen years old and not a party to this action. My place of employment and business address is 3300 Hillview Avenue, Palo Alto, California 94304.

On May 21, 2008, I served the following by the indicated means to the persons at the addresses listed:

**CASE MANAGEMENT SCHEDULING ORDER FOR REASSIGNED CIVIL CASE**

| | |
|---|---|
| Gary M. Hnath, Esq.<br>Bingham McCutchen LLP<br>2020 K Street, NW<br>Washington, DC 20006-1806<br>Telephone: (202) 373-6000<br>Facsimile: (202) 373-6001<br>E-Mail: gary.hnath@bingham.com | ☒ Via Email<br>☒ Via First Class Mail<br>☐ Via Hand Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile |
| Patrick Weston<br>Bingham McCutchen LLP<br>1900 University Avenue<br>East Palo Alto, CA 94303-2223<br>Telephone: 650.849.4400<br>Facscimile: 650.849.4800<br>E-Mail: patrick.weston@bingham.com | ☒ Via Email<br>☒ Via First Class Mail<br>☐ Via Hand Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile |
| Mark Dickson<br>Winston & Strawn LLP<br>101 California Street<br>San Francisco, CA 94111-5802<br>Telephone: 415.591.1000<br>Facsimile: 415.591.1400<br>E-Mail: mdickson@winston.com | ☒ Via Email<br>☒ Via First Class Mail<br>☐ Via Hand Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile |
| Roger Fulghum<br>Scott Partridge<br>Baker Botts LLP<br>One Shell Plaza<br>910 Louisiana Street<br>Houston, Texas 77002-4995<br>Telephone: 713.229.1234<br>Facsimile: 713.229.1522<br>E-Mail: roger.fulghum@bakerbotts.com<br>E-Mail: scott.partridge@bakerbotts.com | ☒ Via Email<br>☒ Via First Class Mail<br>☐ Via Hand Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile |

I am readily familiar with my firm's practice for collection and processing correspondence for mailing with the United States Postal Service, to wit, that correspondence be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope

and placed it for collection and mailing at our business offices on May 21, 2008, following ordinary business practice.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct; that I am employed in the office of a member of the bar of this court at whose direction the service was made; and that this declaration was executed on May 21, 2008, at Palo Alto, California.

*[signature]*

Nancy O'Shea, CCLS
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
3300 Hillview Avenue
Palo Alto, California 94304
Telephone:   (650) 849-6600
Facsimile:   (650) 849-6666

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREL TW CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>CYBERLINK CORPORATION, et al.,<br><br>    Defendants.<br>_____/ | No. C 08-02146 CW<br><br>CASE MANAGEMENT<br>SCHEDULING ORDER FOR<br>REASSIGNED CIVIL<br>CASE |

    This action having been related and reassigned to the undersigned judge,

    IT IS HEREBY ORDERED that a Case Management Conference will be held on **June 17, 2008, at 2:00 p.m.** in Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, CA 94612. Pursuant to Civil L.R. 16-9(a), a joint Case Management Statement will be due seven (7) days prior to the conference.

    Plaintiff is directed to serve a copy of this Order at once on all parties to this action in accordance with the provisions of Rule 5 of the Federal Rules of Civil Procedure. Following service, the party causing the service shall file a certificate of service with the Clerk of Court.

1      This case has been designated for the Court's Electronic Case
2  Filing (ECF) Program.  Pursuant to General Order 45, each attorney of
3  record is obligated to become an ECF user and be assigned a user ID
4  and password for access to the system.  All documents required to be
5  filed with the Clerk shall be filed electronically on the ECF website,
6  except as provided otherwise in section VII of General Order 45 or
7  authorized otherwise by the court.
8      IT IS SO ORDERED.
9
10  Dated:  May 20, 2008
11                                                             _____
12                                                             CLAUDIA WILKEN
                                                           UNITED STATES DISTRICT JUDGE
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27  (Rev. 10/10/07)
28

1
2
3                                    NOTICE

4       **Case Management Conferences and Pretrial Conferences** are
   conducted on **Tuesdays** at 2:00 p.m. **Criminal Law and Motion** calendar
5  is conducted on **Wednesdays** at 2:00 p.m. for defendants in custody and
   2:30 p.m. for defendants not in custody. **Civil Law and Motion**
6  calendar is conducted on **Thursdays** at 2:00 p.m. Order of call is
   determined by the Court. Counsel need not reserve a hearing date for
7  civil motions; however, counsel are advised to check the legal
   newspapers or the Court's website at www.cand.uscourts.gov for
8  unavailable dates.

9       Motions for Summary Judgment: All issues shall be contained
   within one motion of 25 pages or less, made on 35 days notice. (See
10 Civil L.R. 7-2). Separate statements of undisputed facts in support
   of or in opposition to motions for summary judgment will not be
11 considered by the Court. (See Civil Local Rule 56-2(a)). The motion
   and opposition should include a statement of facts supported by
12 citations to the declarations filed with respect to the motion.
   Evidentiary and procedural objections shall be contained within the
13 motion, opposition or reply; separate motions to strike will not be
   considered by the Court. Any cross-motion shall be contained within
14 the opposition to any motion for summary judgment, shall contain 25
   pages or less, and shall be filed 21 days before the hearing. The
15 reply to a motion may contain up to 15 pages, shall include the
   opposition to any cross-motion, and shall be filed 14 days before the
16 hearing. (See Civil Local Rule 7-3). The Court may, *sua sponte* or
   pursuant to a motion under Civil L.R. 6-3, reschedule the hearing so
17 as to give a moving party time to file a reply to any cross-motion.

18      All discovery motions are referred to a Magistrate Judge to be
   heard and considered at the convenience of his/her calendar. All such
19 matters shall be noticed by the moving party for hearing on the
   assigned Magistrate Judge's regular law and motion calendar, or
20 pursuant to that Judge's procedures.

21      Pursuant to General Order 45,§ VI.G, "In all cases subject to
   ECF, in addition to filing papers electronically, the parties are
22 required to lodge for chambers **no later than noon on the business day
   following the day that the papers are filed electronically,** one paper
23 copy of each document that is filed electronically."

24
25 (rev. 10/10/07)
26
27
28

**STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**

**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

Commencing March 1, 2007, all judges of the Northern District of California require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5. <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

10. <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.